UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZEH MATTHEW,

                 Plaintiff,

-against-

BUILDING SECRURITY SERVICES OWNGER; CREIG RECRUITER FOR BSS SECREUTY,[1]

                 Defendants.

24-CV-2447 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction and alleging that Defendants violated his federal constitutional rights. By order dated April 16, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] The Court quotes the caption verbatim.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings his claims using a form complaint for violation of his civil rights. He checks a box on the form to assert claims under 42 U.S.C. § 1983. Named as Defendants are (1) the unidentified owner of Building Security Service ("BSS Security"); (2) "Craig," whom Plaintiff identies as a "recruiter" for BSS Security; (3) "Emeka," whom Plaintiff identifies as a BSS Security officer; and (4) the unidentified owner of Highland Park Community Security

Company ("Highland Park").[2] In the section of the complaint form asking Plaintiff to identify the federal constitutional or statutory rights that Defendants violated, he writes,

> They violet my right to work whereby I have no felonhy I have mty secrurity licenses I have my fire gurd licenses anf I have discharg with honorable discharge from the US Navy and with a Master Degree in Engineeing they lie against me at my point of duty to the clienht to harrase me on what I don't kmow about.

(ECF 1, at 3.)[3] Plaintiff asserts that Defendants violated his "right to work" under the Fourth and Fourteenth Amendments and Sixth Amendment's right for "equality and fair trier." (*Id.* at 4.)

Plaintiff states that the events giving rise to his claims occurred in Manhattan on July 8, 2023, and March 12, 2024. (*Id.*) He alleges,

> They busy lieing against me to the staff and client that I am a thief of which I had never beem call a thief in my life and I have never done such act or crime my life not in my rap sheet in any form. I am . . . a prophet of God and an highly educated man with a Master in Systems Engineer and a veteran with the US Navy but their perpectually harrassement before all staff and workers insulting my and disturbing me from working and falsely accussing me on things I don't nown about. Lieing against me at all time critizing me on and on what I never do. I reported it up but I came to realised that it is the management setting it up along with the receuting staff just because I am a Black guy from Nigeria tey been prejudise about everything and showing level of hatred that they don't want me to work over there anymore showing strong act of racial discrimination amd wickedness, and finally they get me release from my job without any violation on my side.

(*Id.*)

Plaintiff alleges that as a result of Defendants' actions, he experienced depression and loss of income. He further alleges that Defendants "tell on my reput[]ation in the society" and "try [to] prevent me for getting another job." (*Id.* at 5.)

---

[2] Plaintiff spells all of the defendants' names in different ways throughout the complaint. The Court assumes that the spellings used above are correct.

[3] Plaintiff typed the complaint using all capital letters. For readability, the Court uses standardized capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

For relief, Plaintiff asks the Court to "tell the police officer involving in the trouble some act to stop influencing this people negatively in any form against me example the NYPD and the New Rochelle Police Department on what I had never done in my life; like stealling robbing and rap[]ing." (*Id.*) Plaintiff further asks the Court to "reinstate [his] job back"; give him the "free will of working without restriction"; require the "job owner" to pay him for "time lost"; and award additional monetary compensation. (*Id.*)

## DISCUSSION

**A.    Constitutional claims under 42 U.S.C. § 1983**

Plaintiff attempts to bring claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Here, BSS Security, its owner and employee "Craig," and the owner of Highland Park are all private parties who are not alleged to work for any state or other government body. Plaintiff therefore fails to state a claim under Section 1983.

**B.    Federal employment discrimination claims**

Although the complaint is difficult to understand, it appears that Plaintiff may be attempting to assert claims that his employer or potential employer unlawfully terminated his

4

employment or unlawfully refused to hire him. Because Plaintiff suggests he may have been discriminated against because of his race or national origin, the Court liberally construes the complaint as attempting to assert claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). Title VII prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87. The proper defendant in a Title VII action is the employer. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). The statute "sets forth a remedy for employment discrimination that is independent of Title VII." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). A plaintiff bringing a Section 1981 claim for employment discrimination must plausibly allege sufficient facts to demonstrate that: (1) he is a member of a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) the adverse action took place under circumstances giving rise to the inference of discrimination. *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). "[A] plaintiff must . . . plead . . . that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020).

Here, Plaintiff does not allege sufficient facts to state a claim under either Title VII or Section 1981. He does not appear to allege that he was employed by or applied for employment at BSS or Highland Park. Nor is it clear from the complaint that either of these entities took an adverse employment action against him. While Plaintiff states that he is Black and from Nigeria, and he uses the words "racial discrimination" (ECF 1, at 4), he alleges no facts suggesting that, under Title VII, his race, color, religion, sex or national origin was a motivating factor for any adverse employment action, or, under Section 1981, that his race was the "but for" cause of any adverse employment action. Plaintiff therefore fails to state a claim under either Title VII or Section 1981.

The Court grants Plaintiff leave to file an amended complaint alleging sufficient facts to state employment discrimination claims under Title VII and Section 1981.[4] If Plaintiff files an amended complaint, he must allege facts suggesting that the employer took an adverse employment action against him and that his race, national origin, or other protected characteristic was the motivating factor in that employment decision, or that his race was the "but for" cause of the adverse employment action.

C.   **State law claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Because the Court has granted Plaintiff leave to file an amended complaint, it will determine at a later stage whether to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[4] Plaintiff should name his employer as a defendant in any amended complaint. *See Wrighten*, 232 F.3d at 120. Title VII does not provide for liability against the individual defendants, *see Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012), but Section 1981 allows for individual liability, *see Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000). Individual defendants may also be held liable under the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL"). *See Feingold v. New York*, 366 F.3d 138, 157-59 (2d Cir. 2004) (discussing individual liability for the purpose of NYSHRL and NYCHRL employment-discrimination claims).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims for employment discrimination under Title VII and Section 1981, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-2447 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted and the Court will decline to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

Plaintiff may receive court documents by email by completing the attached form, [Consent to Electronic Service](#).[5]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[5] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 29, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

       -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant.  Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:   ☐ Yes   ☐ No
                *(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

    _____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
              *NOTE:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
              *NOTE:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

    _____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
              *NOTE:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

    _____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

    _____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*                                         1

**I.     Parties in this complaint:**

A.   List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name  _____
               Street Address  _____
               County, City  _____
               State & Zip Code  _____
               Telephone Number  _____

B.   List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant      Name  _____
               Street Address  _____
               County, City  _____
               State & Zip Code  _____
               Telephone Number  _____

C.   The address at which I sought employment or was employed by the defendant(s) is:

               Employer  _____
               Street Address  _____
               County, City  _____
               State & Zip Code  _____
               Telephone Number  _____

**II.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

        _____        Failure to hire me.

        _____        Termination of my employment.

        _____        Failure to promote me.

        _____        Failure to accommodate my disability.

        _____        Unequal terms and conditions of my employment.

        _____        Retaliation.

      _____     Other acts *(specify)*: _____.

      *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                         *Date(s)*

C.    I believe that defendant(s) *(check one)*:

      _____     is still committing these acts against me.

      _____     is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

        ☐    race _____    ☐    color _____

        ☐    gender/sex _____    ☐    religion_____

        ☐    national origin _____

        ☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

        ☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

      *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

**III.**    **Exhaustion of Federal Administrative Remedies**:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

       _____      has not issued a Notice of Right to Sue letter.

       _____      issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    _____    60 days or more have elapsed.

    _____    less than 60 days have elapsed.

## IV.   Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____
_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_.

                            Signature of Plaintiff   _____

                            Address   _____

                                                    _____

                                                    _____

                                                    _____

                            Telephone Number   _____

                            Fax Number *(if you have one)*   _____

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

| | |
|---|---|
| Telephone Number | E-mail Address |

| | |
|---|---|
| Date | Signature |

**Click Here to Save**